IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs May 10, 2006

## RICKY BUTLER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 11825    Jim T. Hamilton, Judge**

---

**No. M2004-01543-CCA-R3-PC - Filed June 27, 2006**

---

The petitioner pled guilty to two counts of aggravated sexual battery. He later filed a petition for post-conviction relief. The post-conviction court held a hearing on May 8, 2003. The court then entered an order on May 9, 2003 denying the petition. The petitioner filed a pro se notice of appeal over a year and a month later on June 17, 2004. We now dismiss the petitioner's appeal because the notice of appeal was filed outside of the thirty days required under Rule 4 of the Tennessee Rules of Appellate Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Dwight E. Scott, Nashville, Tennessee for the appellant, Ricky Butler.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mike Bottoms, District Attorney General; and Larry Nickell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner's written statement given to the police upon his arrest stated the events as follows:

> On Sunday around 12:00 in the afternoon I was around to [sic] little girls around 11 and 13. We was watching a movie, when I felt like doing it. I then ask [sic] one of them to come and rub me after I saw see [sic] was interested after she talked to her

sister and she wanted to to [sic]. I let both of them touch me, then I tried to insert into them when I coundn't, I pumped their Backside. I put my penis in the crack of their but [sic]. I rub their vagina and but [sic] cheeks. We heard somebody comin[g] so thats [sic] why we stop.

The petitioner was charged with rape of a child and aggravated sexual battery. He agreed with the District Attorney's office in Maury County to enter an <u>Alford</u> plea[1] to two counts of aggravated sexual battery. As part of his plea agreement, the petitioner would serve eight years at 100 percent for each count to run concurrently and also run concurrently to a sentence he was serving for another offense. The petitioner's plea was entered on December 17, 2001, over one year from the order denying his post-conviction petition.

The petitioner filed a petition for post-conviction relief on September 18, 2002, arguing that his plea was not entered voluntarily and that he was not afforded the effective assistance of counsel. The post-conviction court held a hearing on May 8, 2003, and entered an order the next day, May 9, 2003, denying the petition. The petitioner filed a <u>pro se</u> notice of appeal on June 17, 2004.

## ANALYSIS

The petitioner argues that his plea was involuntary, that he was afforded the ineffective assistance of counsel and that the post-conviction court's order did not meet the requirements of Tennessee Code Annotated section 40-30-111. The State argues that the plea was voluntary and the petitioner received effective assistance of counsel.

The State does not, however, address whether the petitioner's notice of appeal was timely. Under Rule 4 of the Tennessee Rules of Appellate Procedure, a notice of appeal for an appeal as of right under Rule 3 should be filed with the clerk of the trial court within thirty days of the entry of the final order. In the petitioner's case, the post-conviction court filed the final order denying his petition on May 9, 2003. The petitioner did not file his notice of appeal until over a year and a month later on June 17, 2004.[2] Clearly, the petitioner's notice of appeal was outside the thirty day filing requirement.

Under Rule 4, we can waive the filing requirement in the interest of justice. After reviewing the post-conviction hearing transcript, the plea hearing colloquy and rest of the record, we have determined that waiving the filing requirement would not serve the interest of justice in this case.

---

[1]This type of plea is named after <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), in which the United States Supreme Court discussed the right of an accused to plead guilty in his best interest while professing his actual innocence.

[2]We wish to emphasize that the tardiness in the filing of the notice of appeal was not the fault of appellate counsel in this case.

We realize that the petitioner in this case filed his own notice of appeal and that it was recommended that he serve his sentence in a special needs facility. These facts would counsel the court's discretion in deciding to waive the time requirements for filing the notice of appeal if the petitioner were likely to be successful on the merits. However, the petitioner's plea colloquy and statements at the post-conviction hearing make it clear that his plea was voluntary and he would have pled guilty regardless of his allegations concerning his counsel's deficiencies.

## **CONCLUSION**

For this reason, we dismiss the petitioner's appeal from the trial court's denial of his petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE